UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MICHAEL DWAYNE THOMPSON** | * | **CIVIL ACTION NO. 08-1511** |
| **VERSUS** | * | **JUDGE STAGG** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 20]. The Commissioner filed a response indicating that the fee petition appeared reasonable, provided plaintiff adduced additional evidence to support the claim, and so long as the fees were not greater than two times counsel's non-contingent hourly rate. (Def. Response [doc. # 22]).[1] The matter is now before the court.[2]

---

[1] Although the Commissioner has no direct financial interest in a § 406(b) award, he acts as a trustee on behalf of the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n 6, 122 S.Ct. 1817 (2002).

[2] The instant motion is arguably untimely. *See*, *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); Fed.R.Civ.P. 54(d)(2). However, in another similarly postured case, plaintiff's counsel explained why he waited to file his motion for § 406(b) fees. *See, Mason v. Astrue*, Civil Action Number 05-2134, doc. # 24 (W.D. La. 6/19/07). As in *Mason*, the court finds that counsel has satisfied the "excusable neglect" exception set forth in Federal Rule of Civil Procedure 6(b)(2). *See, Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 2003 WL 21756344 (5th Cir. 2003) (unpubl.) (citing Fed.R.Civ.P. 6(b)(2)).
  **In future cases, counsel should ensure that he files his 406(b) petitions promptly after receipt of notice from the Commissioner setting forth the past due benefit calculations and the amount withheld for attorney fees**.

>Section 406(b) provides that
>
>>[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In their § 406(b) analysis, the district courts are required to review contingent fee agreements to assure that they are reasonable under the circumstances. *Gisbrecht, supra*. For fees within the 25 percent boundary, the burden remains with the claimant to show that "the fee sought is reasonable for the services rendered." *Id*.

The instant plaintiff obtained a favorable judgment that reversed and remanded the matter for further proceedings. (July 22, 2009, Judgment [doc. # 14]). Upon remand, the Commissioner awarded plaintiff past benefits totaling $34,417.00. (Apr. 3, 2010, SSA Important Information; Exh. to John Ratcliff Affidavit [doc. # 20-2]). From this sum, the Commissioner withheld 25 percent ($8,604.25) to satisfy any payment owed to the claimant's attorney under the terms of a valid fee agreement between Thompson and his attorney. *Id*. Plaintiff's counsel seeks to recover not only 25 percent ($8,604.25) of the past due benefit awarded to plaintiff, but also 25 percent ($4,307.00) of the past due benefit awarded to plaintiff's minor dependent, B.M.T., as a reasonable fee for representation before this court.

The court's analysis begins with the fee agreement. *Gisbrecht, supra*. In support of the instant motion, counsel submitted a February 21, 2007, Social Security Disability Benefit Retainer

Agreement (AC-DCt) ("Contract") that was signed by plaintiff and counsel. (Exh. to John Ratcliff Affidavit). The Contract provides that counsel will receive 25 percent of the past-due benefits resulting from a favorable resolution of plaintiff's claims. *Id*. Critically, however, and in contrast to another retainer agreement employed by the same attorney in a different case, the instant Contract does not specify that "past due benefits" includes benefits awarded to dependents. *Compare Gilliam v. Astrue*, Civil Action No. 07-0726 (W.D. La.) [doc. # 23] (counsel will receive 25 percent of the past-due benefits, "including any benefits paid to any of [the claimant's] dependents").

In the absence of a written agreement between claimant and counsel that specifically includes a dependent's past due benefits in the calculation of counsel's contingency fee, the court is compelled to exclude that sum from counsel's fee calculation. In addition, counsel has not adduced a copy of the letter from the Social Security Administration setting forth the dependent's past due benefit award, despite having been advised of this omission by the Commissioner.

Under *Gisbrecht*, the court also must determine whether the fee specified in the agreement is reasonable. *Gisbrecht, supra*. Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht, supra*.

Here, plaintiff's counsel obtained a favorable outcome, with no indication of undue delay on his part. Plaintiff's counsel expended 14.20 hours prosecuting this matter in federal court. (Affidavit of John Ratcliff; Exh. to EAJA Fee Application [doc. # 15]). Thus, if plaintiff's counsel were to receive his requested reimbursement ($8,604.25) under the Contract (per the court's interpretation of the Contract), then he will have been compensated at an hourly rate of

$605.93 ($8,604.25/14.2 hrs). Counsel has averred that he no longer bills by the hour, but that he formerly charged $180.00 per hour.[3] Therefore, counsel's requested fee award, as modified by the court, will result in an hourly rate 3.36 times greater than his ordinary billing rate. This multiplier is within the range of awards upheld by this and other courts. *See Randolph v. Astrue*, Civil Action No. 05-1692 (W. D. La. 6/27/2007) (fee award reduced to five times normal billing rate); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166 (C.D. Cal. 2006) (and cases cited therein); *Jeter v. Astrue*, Civil Action No. 06-0081 (W. D. La.) (award reduced to 2.5 times counsel's ordinary billing rate).

Upon consideration of the foregoing circumstances, the court finds that counsel's requested fee pursuant to the terms of the Contract, as interpreted by the court, is not unreasonable. Accordingly,

IT IS RECOMMENDED that plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 20] be GRANTED IN PART and that plaintiff's counsel receive a fee in the amount of $8,604.25, subject to counsel's obligation to refund to his client the previously awarded EAJA fee in the amount of $2,130.00. *See* Oct. 16, 2009, Order [doc. # 19]; *Gisbrecht, supra*, (claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.").

IT IS FURTHER RECOMMENDED that the motion [doc. # 20] otherwise be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

---

[3] *See* EAJA application, Ratcliff Affidavit [doc. # 15].

**fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of September 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE